

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

February 3, 1950

Hon. James A. Gee, President
East Texas State Teachers College
Commerce, Texas

Opinion No. V-996

Re: Applicability of H.B. 6, Acts 51st Leg., R.S. 1949, to East Texas State Teachers College.

Dear Sir:

Your request for an opinion reads in part as follows:

"The Mayor of the City of Commerce, Texas, has stated, in effect, that under the provisions of House Bill 6, Acts 51st Legislature, 1949, the contract entered into between the State Normal Board of Regents and the City of Commerce on 27 August 1917 (copy of which is enclosed herewith) is now null and void. The position of the Mayor is further believed to be that the East Texas State Teachers College is now obligated and required to pay the City of Commerce for water."

Your request presents the following questions:

1. Is House Bill 6 of the 51st Legislature unconstitutional insofar as it relates to the contract between East Texas State Teachers College and the City of Commerce with respect to supplying water to the College?

2. Does House Bill 6 annul the provisions of the contract heretofore entered into between East Texas State Teachers College and the City of Commerce on August 27, 1917?

House Bill No. 6, Acts 51st Leg., R.S. 1949, ch.256, p.473, reads in part as follows:

"AN ACT authorizing and empowering the Board of Regents of the Texas State Teachers

Colleges to contract with certain municipalities for water and other utility services at North Texas State Teachers College; repealing all laws, contracts and agreements in conflict herewith; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. The Board of Regents of the Texas State Teachers Colleges is hereby authorized and empowered to contract with the City of Denton, Texas for the furnishing of water and other utility services to the North Texas State Teachers College. The said Board of Regents shall likewise be authorized and empowered to contract with any other city or municipality in which there is located any of the other state teachers colleges for the furnishing of water, lights, sewerage or other utility services required by said institutions.

"Sec. 2. The rates to be charged the North Texas State Teachers College at Denton, Texas, and any other college under this Act, shall not exceed those regularly established, published and declared rates for similar customers, or if there be no similar customers, the rates to be charged shall be those established by the said city of Denton or other city concerned respectively, for commercial users; provided the city of Denton, or other city concerned, may make such adjustments, discounts, and special rates as the governing authorities of said city of Denton, or other city concerned, may see fit to provide for said North Texas State Teachers College, or any other college under this Act.

"Sec. 3. The provisions of any former Act of the Legislature, Special or General Law, contract or agreement relating to the furnishing of water at the North Texas State Teachers College, or at any other State Teachers College, are each and severally repealed by the passage of this Act to the

extent of any conflict between said laws,
contracts and agreements and the provisions
of this Act, and it is specifically declar-
ed to be the intention of the Legislature,
by the passage of this Act, to authorize and
empower the said Colleges to contract and
pay for water and other utility services
used by them, notwithstanding any prior act
of agreement by which water was to be fur-
nished said institutions free of charge by
the municipal authority wherein said college
is located.

"Sec. 4.  The fact that the demands for
water at the North Texas State Teachers Col-
lege and any other college under this Act
have rapidly increased and have placed an un-
due burden on the cities to such an extent
that said cities cannot continue to furnish
water without charging said colleges for
same; the fact that the original agreements
for the furnishing of water to said colleges
by the cities concerned did not contemplate
the furnishing of free water for dormitories,
athletic and recreational grounds and areas
used commercially by said colleges; the nec-
essity for permissive legislation to allow
payment before the advent of summer and an-
other serious water crisis at the said col-
lege create an emergency . . ."

Section 35 of Article III of the Constitution
of Texas provides:

"No bill . . . shall contain more than
one subject, which shall be expressed in its
title.  But if any subject shall be embrac-
ed in an act, which shall not be expressed
in the title, such act shall be void only as
to so much thereof, as shall not be so ex-
pressed."

The caption of House Bill 6 only authorizes
the Board of Regents of the Texas State Teachers Col-
leges to contract with certain municipalities for water
and other utility services "at North Texas State Teach-
ers College."  On the other hand, the body of the Act
contains certain provisions which purport to authorize
the Board to contract with other municipalities on

Hon. James A. Gee, President, page 4 (V-996)


behalf of any of the other state teachers colleges with reference to the furnishing of like services, and to repeal existing contracts between cities and such other State Teachers Colleges. The subject of these particular provisions is not expressed in the title.

As a general rule, a title should be neither broader nor narrower than the body of an Act. Abernathy C. Line Consol. etc. v. New Deal R.H.S. Dist., 175 S.W. 2d 446 (Tex.Civ.App.1943, error ref. w.o.m.); Ex parte Winslow, 144 Tex.Crim. 540, 164 S.W.2d 682 (1942); Landrum v. Centennial R.H.S. Dist. No.2, 134 S.W.2d 353, (Tex.Civ.App.1939, error dism., judgm.cor.); 39 Tex.Jur. 99, Statutes, Sec.46. When the title of an Act is too narrow or restrictive to cover the body thereof, those portions of the Act not embraced in the title are void. Sutherland v. Board of Trustees, 261 S.W. 489 (Tex.Civ. App.1924, error ref.); Abernathy C. Line Consol. etc. v. New Deal R.H.S. Dist., supra; 39 Tex.Jur. 100, Statutes, Sec.46.

In view of the fact that the title of House Bill 6 is restricted to the subject of contracting for water and other utility services "at North Texas State Teachers College" and "repealing of all laws, contracts and agreements in conflict therewith," it is our opinion that those provisions in the body of the Bill which purport to authorize the Board of Regents of Texas State Teachers Colleges to contract in like respect for any of the other state teachers colleges and to repeal all former laws, contracts or agreements in conflict therewith are unconstitutional. Tex. Const. Art. III, Sec.35.

From the above it follows, and you are so advised, that House Bill 6 has no application to East Texas State Teachers College, nor is it to be construed as repealing or abrogating any existing laws, contracts or agreements relating to the furnishing of water to such college.

### SUMMARY

Insofar as House Bill 6, Acts 51st Leg., R.S. 1949, ch. 256, p. 473, purports to cancel an existing contract between East Texas State Teachers College and the City of Commerce with reference to the furnishing of

Hon. James A. Gee, President, page 5  (V-996)

free water to the college, it is unconstitutional inasmuch as such portions of the Act are not embraced within the Title. Tex. Const. Art. III, Sec. 35.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By *Chester E. Ollison*

Charles D. Mathews
Executive Assistant

Chester E. Ollison
Assistant

CEO:bh:mw